UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JOSEPH SALAZAR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondents. | No.  2:20-cv-1000 JAM AC P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before this court is respondent's motion to dismiss the petition.  See ECF No. 11. Petitioner has not filed a response to the motion.  For the reasons stated below, the court will decline to rule on the motion.  Instead, respondent will be directed to file an update on the status of petitioner's state court matter.

　　I.　　RELEVANT FACTS

　　　　Respondent asks that the petition be dismissed because at the time the motion to dismiss was filed, petitioner had a pending remand proceeding in state court.  See ECF No. 11 at 2-3.  The issue on remand relates to whether petitioner's firearm enhancement under California Penal Code § 12022.53(h) will be stricken.  Respondent contends that because the remand proceedings may

render petitioner's claims moot, and the state court has an important interest in passing on and correcting any violations of a defendant's rights, under Younger v. Harris, 401 U.S. 37 (1971), this court is required to abstain from interfering with those proceedings. See ECF No. 11 at 2. Respondent also argues in the alternative that this matter should be dismissed because petitioner has not exhausted all his claims in state court. See id. at 3.

II.     DISCUSSION

According to respondent, the proceedings on remand were scheduled for September 14, 2020. See ECF No. 11 at 2. A reasonable amount of time has passed since then, and neither party has informed the court as to the status of petitioner's state court proceedings. In addition, because petitioner should be given the opportunity either to forego federal review of his unexhausted claims or to stay the instant petition while he returns to state court to exhaust them, the court will refrain from recommending a ruling on respondent's motion to dismiss at this time. Instead, respondent will be ordered to provide the court with a status report on petitioner's state court proceedings.

Accordingly, IT IS HEREBY ORDERED that within seven days of the date of this order, respondent shall provide the court with a report regarding the status of petitioner's state court remand proceedings.

DATED: March 31, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE